UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KYLE RAY GRIFFITH, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>JAY HENDRIX, )<br>C. HOLCOMB, )<br>TAWNI TEMPLETON, )<br>THOMAS WELLINGTON, )<br>S. CRICHFIELD, )<br>ANGELISE, )<br>YARBOUGH, )<br>FRANK VANHILL, )<br>WABASH VALLEY CORRECTIONAL )<br>FACILITY, )<br>JOHN DOES, )<br>)<br>        Defendants. ) | No. 2:22-cv-00467-JPH-MG |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kyle Griffith is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action under 42 U.S.C. § 1983 alleging that he was exposed to toxic substances. Because Mr. Griffith is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Mr. Griffith attached exhibits to his complaint. While the Court may consider documents attached to a complaint, it is Mr. Griffith's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). These exhibits appear to be evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure and impose an unjustified burden on the Court. The Court will not sift through these documents and try to discern their potential relevance at the pleading stage. *Kazakova's v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

## II. The Complaint

Mr. Griffith names ten defendants in his complaint: (1) Jay Hendrix, sanitation/safety officer; (2) Lieutenant C. Holcomb; (3) Tawni Templeton, grievance specialist; (4) Thomas Wellington, grievance specialist; (5) S. Crichfield, grievance specialist; (6) Sergeant Angelise; (7) Sergeant Yarbough; (8) Warden Frank Vanhill; (9) Wabash Valley Correctional Facility; and (10) any unknown individuals responsible. He seeks damages and injunctive relief. He bases his complaint on the following allegations:

Mr. Griffith moved into Cell B708 West on the Secure Confinement Unit at Wabash Valley on September 7, 2021. He noticed unknown substances growing under his sink, on his cell door, in the food cup port, along the door grate, and out of the vent circulating air in his cell. He began experiencing a serious cough, minor cramps in his muscles, and sharp migraine headaches.

Mr. Griffith noticed similar unknown growths on the day room's cinder block walls as well as many black or gray fuzzy spots along the shower floor and shower door on B700 Range West Pod.

From September 2021 to January 2022, Mr. Griffith's symptoms increased, and he also experienced blackouts, diarrhea, nose bleeds, fatigue, and fevers, all of which would come and go in waves.

Mr. Griffith saw medical staff on January 18, 2022, and stated that he was having nose bleeds, bad coughs, muscle cramps, and extreme fatigue that came in waves. Medical staff took his vitals and stated that he looked fine.

On the morning of January 25, 2022, Mr. Hendrix, Lt. Holcomb, Sgt. Angelise, and Officer Swain came to investigate the claims of black mold and human waste on Mr. Griffith's range. They took photos. Mr. Griffith heard Mr. Hendrix tell Sgt. Angelise that there was mold all over Mr. Griffith's ventilation shaft and cell. Mr. Griffith was then told that the unknown substances were going to be addressed by Lt. Holcomb after movement returned to normal. After COVID-19-related movement restrictions were lifted, no special cleaning team or crew ever addressed the mold.

In February 2022, Mr. Griffith was moved to B1105 West, where he saw numerous growths on his ceiling as well as along the door and all over the range. No specialist ever came to his cell. About a week later, he coughed up blood and had sharp chest pains. Mr. Griffith told his floor officer, who said he would alert medical, but no help arrived. About two hours later, Mr. Griffith asked the floor officer where medical was, and the floor officer said that he forgot to contact medical. On February 14 and 15, 2022, Mr. Griffith submitted health care request forms, but medical staff only took his vitals and sent him back to his cell.

On March 17, 2022, Mr. Griffith suffered extreme chest pains and cramps in his legs. He told his floor officer, who said that he could contact medical. But medical never came. Instead, some time later, Mr. Griffith was awakened by an extraction team and a medical specialist. Mr. Griffith had blacked out and hit his head. He was found face down in his cell. He was taken to the infirmary, and an EKG test was performed. Blood work was also scheduled.

Shortly after this event, Mr. Griffith was removed from B1105 West due to a conduct report. Upon his arrival in his new cell—B109 East—Mr. Griffith verbally requested all of his property. He received his property back but many of his papers related to this lawsuit were never returned. He repeatedly put in request slips to Officer Gilstrap and Officer Brewer to get his property back. But they never acknowledged his requests. Beginning in June 2022, Mr. Griffith requested copies of all his grievances but was unable to get the copies. Litigation Liaison Ellis told him that he could ask the courts for a court order for all documents he needs for this lawsuit.

Throughout the time period described in the complaint, Mr. Griffith filed multiple grievances about the mold and unknown substances in his cell and range, but they were all denied. At one point, a grievance specialist told him that there was no mold in his cell or the dayroom, that the dayroom was the sanitation worker's responsibility, and that he should clean his own vent and cell.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, to the extent that Mr. Griffith is asking the Court to order the production of documents related to this case, the request is both premature and misplaced. After the defendants have appeared and answered, an appropriate scheduling order will be issued. At that point, Mr. Griffith will be able to direct requests for documents and other items to the defendants or, if necessary, to the

third parties using the discovery tools in Federal Rules of Civil Procedure 30 through 36.

Second, Mr. Griffith's claims against unknown defendants are **dismissed** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Griffith is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Third, all claims against Wabash Valley Correctional Facility are **dismissed** because it is a building, not a suable entity under § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Fourth, to the extent that Mr. Griffith is seeking to recover for allegedly inadequate medical care provided by medical staff, those claims are **dismissed** because he has not named any of those medical staff members as defendants, nor has he alleged any facts suggesting that the defendants he does name are responsible for the allegedly inadequate medical care. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct.").

Fifth, to the extent that Mr. Griffith is trying to recover under the Fifth Amendment, those claims are **dismissed** because the Fifth Amendment does not apply to the States. Any due process claims he might have are governed by the Fourteenth Amendment.

Sixth, to the extent that Mr. Griffith is bringing Fourteenth Amendment due process claims based on allegations that the defendants, or some of them, failed to adequately respond to his grievances, those claims are **dismissed**. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." Because Mr. Griffith had no expectation of a particular outcome of his grievances or complaints, there is no viable due process claim based on the denials of his grievances. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

Seventh, to the extent that Mr. Griffith is attempting to bring claims under the Fourteenth Amendment's Equal Protection Clause, those claims are **dismissed** because he does not allege that he was treated differently than any similarly situated inmates. *See Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (to state an equal protection claim, a plaintiff must allege that (1)

he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose); *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) ("A plaintiff alleging a class-of-one-equal-protection claim must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment.").

When those claims are dismissed, the only claims potentially remaining are claims that Mr. Griffith's conditions of confinement violated the Eighth Amendment. "In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

Under that standard, Mr. Griffith has adequately stated Eighth Amendment conditions-of-confinement claims against Mr. Hendrix, Lt. Holcomb, and Sgt. Angelise, all of whom are alleged to have known about the moldy conditions at Wabash Valley and failed to take action to remedy the problem. Likewise, given the scope of the alleged mold problem at Wabash Valley and Mr. Griffith's allegations about inspections that were done, the Court infers from

Warden Vanhill's title that he was aware of the mold problem, bore some responsibility for remedying it, and failed to do so. Accordingly, Mr. Griffith's conditions-of-confinement claims **shall proceed** against Mr. Hendrix, Lt. Holcomb, Sgt. Angelise, and Warden Vanhill.

Any Eighth Amendment conditions-of-confinement claims against Tawni Templeton, Thomas Wellington, S. Crichfield, and Sgt. Yarbough are **dismissed**. Mr. Griffith names these defendants in the "Defendant(s)" section of his complaint, but the narrative portion of the complaint does not mention their names. Although he does allege generally that grievance specialists and floor officers engaged in misconduct in the narrative portion of his complaint, he does not name them, meaning that he has not plausibly alleged that any of these defendants were personally aware of his conditions of confinement and ignored a known risk to him. *See Thomas v. Blackard*, 2 F.4th 716, 719-20 (7th Cir. 2021) (to prevail on Eighth Amendment conditions-of-confinement claim, plaintiff must show that defendant knew of and disregarded an excessive risk of harm to plaintiff).

In summary, the claims which shall proceed are the following: Eighth Amendment conditions-of-confinement claims against Jay Hendrix, Lt. C. Holcomb, Sgt. Angelise, and Warden Vanhill. This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Griffith believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 13, 2023,** in which to identify those claims.

9

The **clerk is directed** to terminate Tawni Templeton, Thomas Wellington, S. Crichfield, Sgt. Yarbough, Wabash Valley Correctional Facility, and John Does as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Jay Hendrix, Lt. C. Holcomb, Sgt. Angelise, and Frank Vanhill in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/21/2023

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

KYLE RAY GRIFFITH
179323
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Jay Hendrix
    Lt. C. Holcomb
    Sgt. Angelise
    Frank Vanhill
    (All at Wabash Valley Correctional Facility)